IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**RICKY L. MOONEYHAM,**                                               **PETITIONER**

**v.**                                                  **No. 3:07CV81-D-A**

**RAYMOND BYRD, ET AL.**                                       **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Ricky L. Mooneyham for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner was convicted of three counts of fondling (Counts I, II and IV) in the Circuit Court of Pontotoc County, Mississippi. The jury was unable to reach a verdict on the remaining count (Count III). The petitioner was sentenced to fifteen years without the possibility of parole in both Counts I and IV to be served consecutively in the custody of the Mississippi Department of Corrections and also received a suspended fifteen year sentence without the possibility of parole in Count II to be served consecutively to the sentences in Counts I and IV. The Mississippi Court of Appeals affirmed the petitioner's convictions and sentences. *Mooneyham v. State*, 915 So.2d 1102 (Miss. App. 2005) (Cause No. 2004-KA-01103-COA). The petitioner neither filed a motion for rehearing nor sought a writ of *certiorari* to the Mississippi Supreme Court. He filed an "Application for Leave to File Post-Conviction Motion Into the Circuit Court of Pontotoc County, Mississippi," on May 18, 2007.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The petitioner never sought rehearing in the Mississippi Court of Appeals. As such, the fourteen-day period during which he could have sought such review is added to the date on which his direct appeal ended to determine when his conviction became final. MISS. R. APP. P. 40(a); *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, the petitioner's conviction became final December 20, 2005, fourteen days after his conviction was affirmed. (December 6, 2005 + 14 days). This sets the petitioner's federal *habeas corpus* deadline one year later – December 20, 2006.

## Statutory Tolling

The petitioner did not file an application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) on or before December 20, 2006. Therefore, he cannot benefit from statutory tolling of the limitations period. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

## Equitable Tolling

The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling because he was not actively misled by the state or the court about the cause of action – or prevented in some extraordinary way from asserting his rights. *Rashidi v. American President Lines*, 96 F3d 124, 128 (5th Cir. 1996), *Ott v. Johnson,* 192 F.3d at 513-14. The petitioner attempts nonetheless to invoke equitable tolling, claiming that his petition should be considered timely because he "was never informed by his court-appointed attorney or the clerk of the Supreme Court that his conviction had been affirm[ed]." This allegation does not, however, constitute a rare and exceptional circumstance to justify equitable tolling.

In addition, the petitioner has not shown the diligence necessary to invoke equitable tolling. *Scott v. Johnson,* 227 F.3d at 262; *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir.2000). Such a lack of diligence precludes the remedy of equitable relief. *Irwin v. Department of Veterans Affairs, supra,* at 96, 111 S.Ct. 453; *Pace v. DiGuglielmo*, 544 U.S. 408, 419, 125 S.Ct. 1807 (2005). On August 1, 2005, the Mississippi Supreme Court received a letter from the petitioner seeking a status update in his case. The petitioner's sentences and convictions were then affirmed on December 6, 2005. The petitioner nonetheless waited until March 26, *2007*, to contact the Mississippi Supreme Court again, this time requesting a copy of his record. A delay

of only *four months* precludes a federal *habeas corpus* petitioner from the benefit of equitable tolling. *Melancon v. Kaylo,* 259 F.3d 401 (5th Cir. 2001). As such, the approximately twenty-month delay (from August 1, 2005, to March 26, 2007) in seeking information relating to his case clearly demonstrates the petitioner's failure to exercise diligence in his pursuit of post-conviction remedies. Thus, he is not entitled to the benefit of equitable tolling.

## Conclusion

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was not signed, but the accompanying motion to proceed *in forma pauperis* was signed on July 2, 2007, the same date it was received and stamped as "filed" in the district court on. The instant petition was thus filed 194 days after the December 20, 2006, filing deadline. As neither statutory nor equitable tolling apply in this case, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of October, 2007.

/s/ Glen H. Davidson
SENIOR JUDGE